

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 13 C 4199 | DATE | 7-12-13 |
| CASE TITLE | Johnnie Garrett (N-20411) v. State of Illinois Attorney General, et al. | | |

### DOCKET ENTRY TEXT:

Plaintiff's complaint and amended complaint [1, 3] are dismissed without prejudice, as neither of them states claims upon which relief can be granted. Plaintiff is afforded an opportunity to submit an amended complaint that states a valid claim and that provides defendants notice of the claim and the grounds upon it rests. Plaintiff must also satisfy the filing fee requirement by either pre-paying the $400.00 filing fee or by submitting a completed *in forma pauperis* application to pay the filing fee with monthly deductions from his prison trust account. Plaintiff shall have 30 days to both submit an acceptable amended complaint and to satisfy the filing fee requirement. His failure to do so will result in summary dismissal of this case. The clerk shall change the caption of this case to "Garrett v. State of Illinois Attorney General."

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Johnnie Garrett, an inmate at Pinckneyville Correctional Center, has filed a 42 U.S.C. § 1983 civil rights complaint and an amended complaint against the Illinois Attorney General and People of the State of Illinois. Though both complaints list Garrett and Ms. China Ann McLain as plaintiffs, the claims asserted appear to be related only to Garrett and both complaints were signed only by him. The court will thus consider Garrett as the only plaintiff. Furthermore, because Fed. R. Civ. P. 15(a) allows a plaintiff to submit an amended complaint once as a matter of course before responsive pleadings are filed, the court will look to amended complaint as the currently controlling complaint (both complaints appear to be the same or very similar).

Before addressing the amended complaint, the court notes that plaintiff initiated this suit without pre-paying the $400 filing fee or submitting an *in forma pauperis* application to pay a $350 filing fee with monthly deductions from his prison trust account. The Prison Litigation Reform Act requires all inmates to pay the filing fee for every civil rights case they file. Plaintiff must satisfy the filing fee requirement to proceed with this case, and he must either pre-pay the $400 filing fee or submit a completed *in forma pauperis* application. His failure to do so will result in the dismissal of this case.

The amended complaint, similar to the original complaint, consists of numerous fragmented statements asserting a variety of claims. As best as the court can discern, plaintiff contends that China Ann McLain submitted false charges or evidence concerning a vehicular accident, committed identity theft, made false promises, abused debt collection procedures, and caused injuries from use of drugs. Plaintiff further alleges a failure (perhaps by McLain) to supervise a child, food poisoning, and failure to install smoke alarms. The amended complaint names the Illinois Attorney General and the People of the State of Illinois as defendants, but states nowhere how these parties are involved with any of plaintiff's allegations.
(CONTINUED)

isk

| STATEMENT (continued) |
|---|

The amended complaint states no claims upon which this court can grant relief and appears to be frivolous. *See* 28 U.S.C. § 1915A (a court must conduct a preliminary review of every complaint filed by a prisoner and dismiss it, or any claim therein, if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages against a party immune from such relief); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (to satisfy the pleading requirement under Fed. R. Civ. P. 8(a), a complaint must provide each defendant with sufficient notice of the claim, including the grounds upon which the claim rests). The court further notes that plaintiff's claims appear to be against a private citizen, Ms. China Ann McLain, as opposed to a state officer or official, and appear to allege state law claims. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010) (to state a § 1983 civil rights claim, a plaintiff must allege that a person acting under color of state law, i.e., a state actor, or a private person conspiring with a state actor, deprived him of a constitutional or federal right).

Accordingly, the amended complaint is dismissed. Plaintiff is given an opportunity to submit a complaint that clearly states a valid federal claim, that names as defendants only those parties associated with the claim, and that states how the defendant is involved with or is liable for the claim. Plaintiff is given 30 days to: (1) either prepay the $400 filing fee or submit a completed IFP application and (2) submit an amended complaint that states a valid claim, that names as defendants only those parties involved with those claims, and that clearly states how they were involved. Plaintiff's failure to submit pleadings in response to this order may be construed as his desire not to proceed with this case and will result in summary dismissal of this case.